■ In the Matter of ORLANDO R., a Child Alleged to be Neglected. ORLANDO R., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al., Respondent. [977 NYS2d 30]—

Order of disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about January 2, 2013, which, upon a fact-finding determination of neglect, placed the subject child in the custody of the Commissioner of Social Services until completion of the next permanency hearing (June 14, 2013), unanimously affirmed, without costs, as to the fact-finding determination, and the appeal therefrom otherwise dismissed as moot. Order of fact-finding, same court and Judge, entered on or about November 27, 2012, unanimously affirmed, without costs.

The Family Court properly held that petitioner, the Administration for Children's Services, satisfied its burden of proving, by a preponderance of the evidence, that the father neglected the child, in that he "knew or should have known of the mother's drug use and failed to exercise a minimum degree of care to ensure that the mother did not abuse drugs during her pregnancy" (*Matter of Kierra C. [Kevin C.]*, 101 AD3d 993, 994 [2d Dept 2012]; *see* Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]; *Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]).

The evidence established that the father did not use drugs but was aware of the mother's history of drug use. Notwithstanding his efforts to address her drug problem, shortly before she gave birth, he placed her in the home of a friend who he knew was a drug user and who was visited by others who used alcohol and drugs. While this residence was a last resort, as the couple had been homeless and unemployed, the environment apparently contributed to her relapse during her pregnancy.

The Family Court correctly reasoned that the father's

intermittent incarceration and resulting separation from the mother contributed to his failure, or inability, to exercise the minimum degree of care necessary to ensure that the mother did not abuse drugs during her pregnancy. Moreover, as the father admitted to incurring convictions for at least three theft related offenses, the Family Court did not violate the presumption of innocence in referring to such crimes (*see e.g.* US Const 5th, 6th, 14th Amends; NY Const, art I, § 6). In any case, the Family Court ultimately reasoned that the resulting incarceration, rather than the crimes themselves, contributed to the neglect of the child. Concur—Tom, J.P., Andrias, Saxe, DeGrasse and Richter, JJ.